UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                         Case No: 08-13674
                                            Honorable Victoria A. Roberts

TWENTY NINE THOUSAND NINE
HUNDRED FIFTY-TWO DOLLARS
($29,952.00) IN UNITED STATES
CURRENCY, ET AL,

    Defendants.
_____/

## ORDER

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

This matter is before the Court on Plaintiff United States of America's ("Plaintiff") "Motion to Strike Portions of Claimant Paris Wells' Answer to Complaint." (Doc. #10).

On August 25, 2008, Plaintiff filed a "Complaint for Forfeiture." (Doc. #1). Claimant Paris Wells ("Wells") filed an "Answer to Complaint" on November 10, 2008. (Doc. #7).

Plaintiff asks the Court to strike from Wells's Answer: (1) a portion of paragraph 1; and (2) paragraphs 23, 24, 26, 27, 28, and 29 in their entirety.

The Court need not address Plaintiff's request to strike paragraphs 23, 24, and 29. Wells agrees to strike those paragraphs, but reserves the right to bring a Fed. R. Civ. P. 56 claim at a later date.

For the following reasons, Plaintiff's motion is **GRANTED**.

1

## II. APPLICABLE LAW AND ANALYSIS

### A. Paragraph 1

Paragraph 1 of Plaintiff's Complaint says, "This action is a civil forfeiture action pursuant to 21 U.S.C. §881(a)(6), 21 U.S.C. §881(a)(4), 18 U.S.C. §981(a)(1)(A), and/or 18 U.S.C. §981(a)(1)(C)."

In response to Paragraph 1, Wells's Answer says:

> As to the statements contained in Plaintiff's Paragraph 1, Claimant avers that no answer is required but, further answering, affirmatively avers that the Complaint is frivolous, the allegations manipulative, the reasoning unsound, the "facts" based merely on innuendo and self-serving juxtaposing of unrelated truths and half-truths, the conclusions fraught with vagaries and rank speculation, and the foundational basis for the Complaint is entirely without merit.

Under the Federal Rules of Civil Procedure:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1)   on its own; or
>
> (2)   on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

The Court finds the language in Wells's Answer after "Claimant avers that no answer is required" is immaterial and non-responsive.

### B. Paragraphs 26, 27, and 28

Paragraphs 26, 27, and 28 of Wells's Answer are included under the heading "MOTION UNDER RULE 12 AND RULE 56." Paragraphs 26, 27, and 28 say:

2

26. Claimants further affirmatively aver that they are entitled as a matter of law to a judgment on the pleadings herein because of the Plaintiff's failure to state with sufficient precision or detail a lawful basis for the Complaint to be continued to be litigated, and failed to state a claim upon which relief can be granted. Rule 12(b)(6) of the Federal Rules of Civil Procedure reads in pertinent part as follows: "*Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading . . . except that the following defenses may at the option of the pleader be made by motion: * * * * (6) failure to state a claim upon which relief can be granted.*" (Emphasis in original).

27. Further, the Complaint is inadequate, as it fails to substantiate which, if any, of the specific claims of illegal conduct made in the Complaint arise from personal knowledge of the Affiant. On the other hand, Claimant's previously filed Claim of Interest is clear proof that he rightfully *owns* the defendant property, which is not connected to illegal activity in any form and he is therefore entitled to return of same on the pleadings as against Plaintiff's virtually unverified claims. (Emphasis in original).

28. Rule 12(b)(6) "addresses the failure to state a claim upon which relief may be granted." *Benschoter v. Hardy*, 202 F.R.D. 216, 219 (E.D. Mich. 2001). Although a court considering a motion made pursuant to Fed. R. Civ. P. 12(b)(6) must accept as true the well-pleaded factual allegations, the court "need not accept as true any legal conclusions . . . ."] *Community Treatment Centers, Inc. v. City of Westland*, 970 F.Supp. 1197, 1205-06 (E.D. Mich. 1997) (citing, *inter alia*, *Morgan v. Church[']s Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) . . . . All the statements in Plaintiff's Complaint are mere conclusory remarks based on rumor and innuendo, not proven "well-pleaded factual allegations."

Plaintiff asks the Court to strike these paragraphs because they violate: (1) Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; (2) E.D. Mich. LR 7.1(a)(1); (3) E.D. Mich. LR 7.1(a)(2); and (4) the Court's published guidelines for motion practice.

While Wells agrees he did not seek concurrence in his Rule 12(b)(6) motion, he says Plaintiff's argument "seems to put form over function." According to Wells, he did

not have to seek concurrence in the Rule 12(b)(6) motion to dismiss because it was clear Plaintiff would not concur in the dismissal. Wells asks the Court to require Plaintiff to respond to the motion to dismiss, orally or in writing.

E.D. Mich. LR 7.1(a)(1) requires the movant to ascertain whether a contemplated motion will be opposed. The local rule does not provide an exception for those cases in which the movant does not believe the opposing party will concur in the motion. Instead, E.D. Mich. LR 7.1(a)(2) says:

> If concurrence is not obtained, the motion . . . must state:
>
> (A) there was a conference between attorneys or unrepresented parties in which the movant explained the nature of the motion . . . and its legal basis and requested but did not obtain concurrence in the relief sought; or
>
> (B) despite reasonable efforts specified in the motion . . ., the movant was unable to conduct a conference.

Wells's Rule 12(b)(6) motion – stated in paragraphs 26, 27, and 28 of the Answer – violates E.D. Mich. LR 7.1(a)(1) and E.D. Mich. LR 7.1(a)(2). Wells's motion also violates E.D. Mich. LR 7.1(c)(1)(A) (motions must be accompanied by a brief) and E.D. Mich. LR 7.1(c)(2) (briefs must have a statement of the issues presented and controlling or most appropriate authority for the relief sought).

Further, Fed. R. Civ. P. 12(b) says a motion that asserts a defense under Rule 12(b)(6) must "be made *before* pleading if a responsive pleading is allowed." (Emphasis added). Because Wells's Rule 12(b)(6) motion was asserted *in* the responsive pleading, it is untimely.

## IV. CONCLUSION

Plaintiff's motion is **GRANTED**. The Court **STRIKES**: (1) the language in paragraph 1 of Wells's Answer after "Claimant avers that no answer is required"; and (2) paragraphs 23, 24, 26, 27, 28, and 29 of Wells's Answer in their entirety.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 17, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 17, 2008.

s/Linda Vertriest
Deputy Clerk